■ In the Matter of CHOICES WOMEN'S MEDICAL CENTER, INC., Respondent-Appellant, v LORNA MCBARNETTE, as Executive Deputy Commissioner of the New York State Department of Health, et al., Appellants-Respondents. [629 NYS2d 781] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Department of Health dated June 4, 1991, as denied the petitioner's request for a factual hearing on stated portions of its 1988-1989 Medicaid reimbursement rates, Lorna McBarnette, the New York State Department of Health, Patrick Bulgaro, and Cesar Perales appeal by permission, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Posner, J.), dated January 11, 1993, as (1) granted the petition to the extent of finding 10 NYCRR part 750 to be an additional or expanded program within the meaning of 10 NYCRR 86-4.16 (c) and remitted for an administrative hearing the issue of whether the costs alleged by the petitioner were actually incurred and necessary to its implementation of 10 NYCRR part 750 and (2) remitted for an administrative hearing the issue of whether an increase in the petitioner's lease expenses is a major outpatient capital expenditure within the meaning of Public Health Law § 2807 (2) (b). The petitioner cross-appeals, as limited by its brief, from so much of the same judgment as denied the petition to the extent of finding (1) that the costs of medical records and a second social worker are not attributable to the implementation of 10 NYCRR part 750 and (2) that 10 NYCRR 86-4.14 (f) does not require the Department of Health to recalculate the peer-group ceilings each time that it allows a previously disallowed cost of one of the facilities in the peer group.

Ordered that the judgment is modified, on the law and on the facts, by deleting the provisions thereof which granted the petition to the extent of finding that (1) 10 NYCRR part 750 is an additional or expanded program within the meaning of 10 NYCRR 86-4.16 (c) and remitted for an administrative hearing the issue of whether the costs alleged by the petitioner were actually incurred and necessary to its implementation of 10 NYCRR part 750 and (2) remitted for an administrative hearing the issue of whether the additional lease expenses incurred by the petitioner are major outpatient capital expenditures within the meaning of Public Health Law § 2807 (2) (b); as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the appellants-respondents.

It is well-established that an administrative agency's interpretation of its own regulations is entitled to substantial deference and should be upheld unless it is without a rational basis *(see, New York Dept. of Social Servs. v Dublino,* 413 US 405; *Matter of Mary Imogene Bassett Hosp. v Axelrod,* 127 AD2d 260).* The Department of Health's interpretation of 10 NYCRR part 750 that it is not an additional or expanded program within the meaning of 10 NYCRR 86-4.16 (c) is not irrational. Therefore, the Supreme Court erred by rejecting the Department of Health's interpretation of 10 NYCRR part 750 and ordering a hearing on whether the costs alleged by the petitioner were actually incurred and necessary to its implementation of 10 NYCRR part 750 *(see, Matter of Howard v Wyman,* 28 NY2d 434).* In light of this determination, the petitioner's contention on the cross-appeal that the Supreme Court erred in finding that the costs for medical records and for a second social worker are not attributable to the implementation of the 10 NYCRR part 750 is necessarily without merit.

The construction given statutes by the administrative agency responsible for their administration and enforcement will be upheld if not irrational or unreasonable *(see, Matter of Howard v Wyman, supra,* at 438).* When, as here, the interpretation or application of a statute involves the special competence and expertise of an administrative agency, the courts regularly defer to the agency *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451).* The Department of Health's interpretation of Public Health Law § 2807 (2) (b), i.e., that an increase in the petitioner's lease expenses is not a major outpatient capital expenditure, is not irrational. Thus, the Supreme Court erred by rejecting the Department of Health's interpretation of Public Health Law § 2807 (2) (b) and ordering a hearing on the issue of the petitioner's lease expenses.

The petitioner's remaining contention on the cross appeal is without merit *(see, New York Dept. of Social Servs. v Dublino, supra; Matter of Howard v Wyman, supra; Matter of Mary Imogene Bassett Hosp. v Axelrod, supra; Hurlbut v Whalen,* 58 AD2d 311). Thompson, J. P., Ritter, Joy and Krausman, JJ., concur.