■ MONEER K. HANNA, Appellant, v BOARD OF TRUSTEES OF NEW YORK UNIVERSITY HOSPITAL, Respondent. [663 NYS2d 180] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered August 14, 1996, dismissing the complaint, unanimously affirmed, without costs.

Plaintiff doctor commenced this action for a mandatory injunction to restore his title of Chief of the Division of Pediatric Urology and his blocked operating room time, claiming that his "professional privileges" at defendant hospital were improperly withdrawn in violation of Public Health Law § 2801-b (1), which provides, in pertinent part, that "[i]t shall be an improper practice for the governing body of a hospital to * * * curtail, terminate or diminish in any way a physician's * * * professional privileges in a hospital, without stating the reasons therefor". "Professional privileges", also known as "hospital privileges" or "clinical privileges", "are defined as 'permission to provide medical or other patient care services in the granting institution, within well defined limits, based on the individual's professional license and his/her experience, competence, ability and judgment.' Joint Commn. on Accreditation of Healthcare Orgs., THE ACCREDITATION MANUAL FOR HOSPITALS 53 (1993) * * * Physicians must have such privileges in order to use the beds, equipment and support staff within the facility. Id." (4 Health Matrix 325, 326 [1994]; *see also*, 27 Loy LA L Rev 357, 358 [Nov. 1993].) Since professional privileges in this context are understood simply to be the ability to admit and treat patients—and this understanding was the reason given by the Public Health Council for declining to investigate plaintiff's complaint—plaintiff did not suffer a termination or diminishment of his professional privileges in the hospital, and the complaint should have been found legally insufficient on defendant's pre-answer motion to dismiss. It is well settled that for statutes and regulations requiring special expertise and a knowledge of underlying operational practices, the construction given by the agency responsible for their administration, if not irrational or unreasonable, should be upheld (*cf., Matter of Rosen v Public Empl. Relations Bd.*, 72 NY2d 42, 47; *Gelbard v Genesee Hosp.*, 87 NY2d 691, 696 [Public Health Council is the administrative body with expertise regarding staff privileges]). The Public Health Council's

construction of the statute should be accorded due deference (*Matter of Choices Women's Med. Ctr. v McBarnette*, 217 AD2d 623), and, accordingly, plaintiff's removal from his position as Chief of the Division of Pediatric Urology, and the termination of his blocked time in the operating room, are not subject to judicial review under Public Health Law § 2801-b. In any event, even if review were available, on the subsequent summary judgment motion, the IAS Court correctly declined to order a judicial hearing to re-examine the facts upon which the decision was made to remove plaintiff from his former position and to terminate his blocked operating room time (*see, Fried v Straussman*, 41 NY2d 376, 381-382). Concur—Rosenberger, J. P., Williams, Tom and Colabella, JJ.