OPINION OF THE COURT
James P. Sullivan, J.
This matter is before the court for a judicial determination of the defendant’s appropriate risk level under the Sex Offender *708 Registration Act (SORA) (Correction Law art 6-C). Following a hearing held on January 24, 2006, this court concludes, based on clear and convincing evidence, that the defendant’s presumptive risk level is low based upon a modified risk factor score of 70 points and, therefore, he is hereby determined to be a level one sex offender.
On August 19, 2005, the defendant pleaded guilty to rape in the second degree, a class D felony (Penal Law § 130.30 [1]). The defendant was promised a sentence of probation, including attending the Mustard Seed sex offender treatment program, registration as a sex offender under SORA and a final order of protection for the benefit of the complainant. Prior to the date of sentence, the People submitted the SORA risk assessment instrument in which they recommended that the defendant be adjudicated a risk level two based upon a risk factor score of 85 points. Specifically, the People assessed 25 points for sexual intercourse, deviate sexual intercourse, or aggravated sexual abuse with the complainant; 20 points for a continuing course of sexual misconduct with the complainant; 20 points for the complainant being 11 through 16 years of age at the time of the offense; 5 points for a prior history of nonsex crimes or felonies; and 15 points for a history of drug or alcohol abuse.
The defendant challenges the assessment of 15 points in factor 11 based upon a history of alcohol or drug abuse. While acknowledging a misdemeanor conviction in 2004 for driving while intoxicated, he contends that such conviction does not provide proof that he is an alcohol abuser. As mandated by the court in connection with that conviction, the defendant attended an outpatient program. The defendant contends further that there is no evidence in the record that alcohol played any part in the crimes with which he is presently charged nor any evidence in the probation report to indicate that he has an alcohol abuse problem. Since he has been assessed 5 points for having a prior nonsex conviction, the defendant avers that if he is assessed 15 points for alcohol abuse based upon his misdemeanor conviction he is being penalized twice for the same behavior. On the basis of these arguments, the defendant contends that the People’s assessment is incorrect, the total combined SORA score should be 70 points rather than 85 points, and that he should be classified as a risk level one sex offender, rather than a risk level two.
In the alternative if the court does not credit his argument as to the points assessed for risk factor 11, the defendant seeks *709 a downward departure from the presumptive risk level two to a risk level one. He contends that he had been introduced to the complainant by her family, they were engaged in a relationship for one year and during that time they engaged in consensual sex. The defendant further notes that relationships between older men and girls as young as the complainant are commonplace in his home country of Ecuador so that he did not believe he was doing anything wrong.
In response, the People contend that the SORA risk assessment instrument is designed to assess the defendant’s risk of reoffense based upon the totality of the circumstances of the offenses charged. The People contend that the defendant’s criminal history provides ample support for an assessment of points for a history of alcohol abuse. They note that the defendant’s conviction was in 2004 and the defendant’s behavior underlying the present offenses began around the same time. The People further contend that because the complainant was 14 years old at the time of the offenses charged she was legally incapable of consenting to engage in sex and thus, the cultural norms of the defendant’s country of origin have no bearing on this determination.
Since the defendant disagreed with the People’s recommendation as to the risk level assessment, he was entitled to a hearing on the issue (see, Correction Law § 168-n [3]). At the hearing, the People had the burden of establishing the facts on which the risk assessment is based by clear and convincing evidence (id.). In making its assessment, the court is not bound by the formal rules of evidence but has wide latitude in the type and nature of evidence it may consider (see, People v Wiggins, 1 Misc 3d 913[A], 2004 NY Slip Op 50057[U] [2004]; People v Victor R., 186 Misc 2d 28, 31-32 [2000]; People v Salaam, 174 Misc 2d 726, 731 [1997]). Thus, the court may rely on the grand jury testimony of the complainant (see, People v Sturdivant, 307 AD2d 382 [2003]; People v Victor R., supra) and upon information contained in the presentence report (see, People v Brooks, 308 AD2d 99, 102 [2003]; People v Mitchell, 300 AD2d 377 [2002], lv denied 99 NY2d 510 [2003]).
Factor 11 is titled “Drug or Alcohol Abuse.” The Sex Offender Registration Act Risk Assessment Guidelines and Commentary of the Board of Examiners of Sex Offenders addressing this factor state:
“Alcohol and drug abuse are highly associated with *710 sex offending . . . The category focuses on the offender’s history of abuse and the circumstances at the time of the offense . . . An offender need not be abusing alcohol or drugs at the time of the instant offense to receive points in this category.” (Commentary at 15.)
The defendant’s criminal history consists of a misdemeanor conviction on September 10, 2004 of driving while ability impaired (Vehicle and Traffic Law § 1192) resulting in a fine of $300 and a conditional discharge. The presentence report takes notice of this conviction but also indicates that the defendant denies the use of illicit drugs while he admits to drinking on occasion beginning when he was 20 years old.
While the defendant’s criminal record certainly raises some concern that the defendant is at risk of being an alcohol abuser, standing alone such record is not necessarily indicative of an alcohol abuse history and does not provide sufficient “clear and convincing” evidence to establish a history of alcohol abuse. Nothing in the record indicates the circumstances leading to the conviction. The fact that the defendant was given a conditional discharge suggests that the defendant did not have a high blood alcohol level and that there were no other indications that he posed a public menace due to alcohol abuse. The fact that the presentence report contains no evidence that the defendant has an alcohol or substance abuse history further diminishes the weight to be given to his criminal history as proof he is an abuser of alcohol. Since the People have failed to establish this risk factor, the assessment of 15 points under factor 11 is not permitted.
Based upon the foregoing discussion, the defendant’s presumptive risk level is low based upon a modified score of 70 points (disallowing 15 points for a history of drug or alcohol abuse), which is within the level one classification.
In light of the court’s determination as to the modified classification of risk level one, it need not consider whether there are any mitigating circumstances as would warrant a downward departure from a risk level two to a risk level one. The court would simply observe that the primary concern in whether to grant a downward departure is whether the risk assessment overstates a defendant’s risk to public safety (see, People v S.G., 4 Misc 3d 563, 572 [2004]; People v Salaam, 174 Misc 2d 726, 736 [1997]). Under the totality of the cir *711 cumstances at bar including the defendant’s compliance with and active participation in a sex offender treatment program, it appears that the defendant poses a low risk of reoffense.