OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed without costs and defendant is reclassified as a level one sex offender.
Following his plea of guilty to the crime of sexual misconduct, defendant was deemed a sex offender pursuant to section 168-a of the Correction Law. Thus, in accordance with the Sex Offender Registration Act (Correction Law art 6-C), a hearing was held to determine defendant’s appropriate risk level. At the hearing, defendant disagreed with the People’s recommendation that, pursuant to the risk assessment instrument prepared by the Board of Examiners in accordance with Correction Law § 168-d, he should be assessed 15 points in risk factor 11, based on a history of alcohol and drug abuse, and 10 points in risk factor 15, based on inappropriate living arrangements. Following the hearing, the court agreed with the People’s recommendation, concluded that defendant’s presumptive risk level was moderate, based upon a risk factor score of 90, and, therefore, classified defendant as a level two sex offender.
*108 The People must prove the facts supporting each risk factor upon which the risk level determination is based by “clear and convincing evidence” (Bonacquist, 1998 Practice Commentary, McKinney’s Cons Laws of NY, Book 10B, Correction Law art 6-C, at 273; see People v Guaman, 12 Misc 3d 707 [2006]; People v Jimenez, 178 Misc 2d 319 [1998]; People v Salaam, 174 Misc 2d 726 [1997]). In making an assessment, a court is not bound by the formal rules of evidence but has wide latitude in the type and nature of the evidence it may consider (see People v Guaman, 12 Misc 3d 707 [2006], supra; People v Wiggins, 1 Misc 3d 913[A], 2004 NY Slip Op 50057[U] [2004]; People v Victor R., 186 Misc 2d 28 [2000]; People v Salaam, 174 Misc 2d 726 [1997], supra). Thus, the court may, as it did in the case at bar, rely upon information contained in the presentence report (see People v Brooks, 308 AD2d 99, 102 [2003], lv denied 1 NY3d 502 [2003] ; People v Mitchell, 300 AD2d 377 [2002], lv denied 99 NY2d 510 [2003]).
The court based its assessment of 15 points for drug abuse upon defendant’s admission, as set forth in the presentence report, that he had used marihuana 10 years ago and, most recently, five days before being interviewed, on the date of his deceased mother’s birthday. The use of marihuana on a single occasion is not sufficient to establish by clear and convincing evidence that a defendant had, at the time of his classification, a history of drug abuse (see People v Collazo, 7 AD3d 595 [2004] ). In our opinion, defendant’s acknowledgment of isolated instances of marihuana use while in high school, over 10 years ago, and his recent one time use of marihuana, did not constitute clear and convincing evidence that defendant has a history of drug abuse (People v Abdullah, 31 AD3d 515 [2006]).
The court’s assessment of 10 points based on a finding of an unsuitable housing or living situation was, however, established by clear and convincing evidence. The presentence report noted that defendant resided in the second floor of a home, the first floor of which was occupied by young children. Although defendant claimed that he actually had his own apartment with a separate entrance, the Probation Department was unable to verify same a. defendant was not at home on the three occasions when the Department sought to conduct an in-home visit, even though defendant had been directed to be at home. In view of the foregoing, the court properly rejected defendant’s contention.
After deleting the 15 points assessed against defendant in risk factor 11 for alcohol abuse, defendant’s score of 75 under *109 the risk assessment instrument remains within the presumptive range of a level two sex offender.
Although utilization of the risk assessment instrument will generally result in the proper classification (see People v Dexter, 21 AD3d 403, 404 [2005], Iv denied 5 NY3d 716 [2005]), a departure from the presumptive risk level is warranted where there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines (see People v Abdullah, 31 AD3d 515 [2006], supra). There must be clear and convincing evidence of the existence of a special circumstance to warrant a departure from the presumptive risk level (see People v Inghilleri, 21 AD3d 404 [2005]; People v Guaman, 8 AD3d 545 [2004]). It is our view that such factors are present under the totality of the circumstances presented herein (see People v Abdullah, 31 AD 3d 515 [2006], supra; see also People v Galligan, 35 AD3d 691 [2006]). Accordingly, we find that the court improvidently exercised its discretion in denying defendant’s request for a departure from the presumptive risk level and, thus, defendant is reclassified a level one sex offender.