THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM PERAHIA, Appellant. [868 NYS2d 924]—

In February 2004 the defendant, who was then a pediatric medical resident, was found in possession of more than 1,000 images of child pornography, which he had downloaded onto his computer, disks, and CD-ROMs. The images included prepubescent females, some of whom were toddlers or preschoolers, engaging in various sexual acts. He pleaded guilty, inter alia, to one count of possessing child pornography in violation of 18 USC § 2252A (a) (5) (B).

After a hearing pursuant to the Sex Offender Registration

Act (hereinafter SORA), the defendant was assessed a total of 80 points under risk factors three, five, and seven. He was then designated a level two sex offender. We affirm.

Contrary to the defendant's contention, the Supreme Court's determination to designate him a level two sex offender was supported by clear and convincing evidence, and therefore should not be disturbed (*see* Correction Law § 168-n [3]). The children depicted in the pornographic images that he possessed are "victims" within the meaning of SORA (*see People v Johnson,* 11 NY3d 416 [ 2008]; *People v Worley,* 57 AD3d 753 [2008]; *People v Villane,* 49 AD3d 517 [2008]; *People v Lawless,* 44 AD3d 738 [2007]), and he was properly assessed a total of 80 points under risk factors three, five, and seven (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10-12 [2006]).

The defendant's remaining contentions are without merit. Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur.