■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL BRETAN, Appellant. [922 NYS2d 542]—

Appeal by the defendant from an order of the County Court, Westchester County (Cohen, J.), entered August 14, 2009, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed.

In July 2003, the defendant pleaded guilty to several charges involving child pornography in the United States District Court for the Southern District of New York. Following his release from prison, the County Court, Westchester County, held a hear-

ing pursuant to the Sex Offender Registration Act (hereinafter SORA) to determine the defendant's SORA classification. The presentence investigation report from the defendant's federal conviction stated that the defendant had offered to pay an undercover police officer to make a video of a 10-year-old girl being sexually abused. He also sought to purchase two other videos, which purportedly featured girls ages 6, 10, and 15. Other pornographic images depicting children were found on the defendant's computer after his arrest. A police officer testified that the defendant's apartment building was within sight of a children's playground, and the defendant's parole officer testified that there were children living in the defendant's apartment building.

In an order entered August 14, 2009, the County Court designated the defendant as a level three sex offender, noting that there were three or more victims in this case, that there was at least one victim who was 10 years old or younger, and that the victims were strangers to the defendant. The County Court also found that the location of the defendant's apartment was inappropriate. Based on these factors, the defendant qualified as a level two sex offender. However, the County Court granted the People's request for an upward departure to level three, finding that the defendant's attempt to have a video featuring the violent sexual abuse of a 10-year-old girl made for him was an aggravating factor. The defendant appeals.

Contrary to the defendant's contention, the County Court properly assessed him 20 points under risk factor 7 (relationship with the victim) because the children depicted in pornographic videos are victims (see People v Johnson, 11 NY3d 416, 418, 421-422 [2008]). Likewise, the defendant was properly assessed 30 points under risk factors 3 (number of victims) and 5 (age of victims), respectively. Further, the County Court properly assessed another 10 points under risk factor 15 (living situation) because the defendant's apartment location was inappropriate (see e.g. People v Gerald, 16 Misc 3d 106, 108 [2007]).

A departure from the presumptive risk level is generally only warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; People v King, 74 AD3d 1162 [2010]). Relying upon People v Johnson (11 NY3d 416 [2008]), the defendant contends that the assessment of points under risk factors 3, 5, and 7 due to his possession of child pornography was a result that the authors of the Risk Assessment Guidelines (hereinafter the

Guidelines) may not have intended or foreseen. Therefore, the defendant claims that a downward departure was warranted. By contrast, the People contend that the County Court properly granted their request for an upward departure based on circumstances not taken into account by the Guidelines. Considering both the mitigating factors and the aggravating factors set forth, under the particular circumstances of this case, we find that the aggravating factors outweigh the mitigating factors to such an extent than an upward departure from the presumptive risk level is warranted. Accordingly, the defendant was properly designated a level three sex offender. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.