■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL HARDING, Appellant. [928 NYS2d 734]—

Contrary to the defendant's contention, the County Court properly assessed him 30 points under risk factor 3 (three or more victims), since children portrayed in child pornography are victims (*see People v Johnson*, 11 NY3d 416, 419-420 [2008]; *People v Bretan*, 84 AD3d 906 [2011]). Further, in determining that there were at least three victims, the County Court properly relied upon the descriptions of the child pornography that the defendant was convicted of possessing that were contained in a report prepared by his federal probation officer (*see People v Mingo*, 12 NY3d 563, 573 [2009]; *People v Mendez*, 79 AD3d 834 [2010]; *see also* Correction Law § 168-n [3] [the court in a hearing pursuant to the Sex Offender Registration Act may "consider reliable hearsay evidence submitted by either party"]).

The County Court providently exercised its discretion in declining to downwardly depart from presumptive risk level two to risk level one. Moreover, under the circumstances of this case, the County Court properly determined that an upward departure to risk level three was warranted. "The risk level suggested by the R[isk] A[ssessment] I[nstrument] . . . is

merely presumptive, and the assigning of a risk level is within the sound discretion of the S[ex] O[ffender] R[egistration] A[ct] court" (*People v Pettigrew*, 14 NY3d 406, 409 [2010]; *see People v Bretan*, 84 AD3d 906 [2011]). Here, "[c]onsidering both the mitigating factors and the aggravating factors set forth, under the particular circumstances of this case, we find that the aggravating factors outweigh the mitigating factors to such an extent that an upward departure from the presumptive risk level is warranted" (*People v Bretan*, 84 AD3d at 908; *see People v Twyman*, 59 AD3d 415 [2009]; *People v Worley*, 57 AD3d 753, 754 [2008]).

The defendant's contention that the use of certain evidence at the hearing violated his rights under the New York Constitution is unpreserved for appellate review. Rivera, J.P., Covello, Florio and Lott, JJ., concur.