# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1358

KA 11-01407

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

THOMAS J. POOLE, DEFENDANT-APPELLANT.

HEATON & VENUTI, LLP, GENEVA (MARK A. VENUTI OF COUNSEL), FOR
DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR
OF COUNSEL), FOR RESPONDENT.

------------------------------------------------------------------------------------------------

Appeal from an order of the Ontario County Court (Craig J. Doran,
J.), dated November 9, 2010. The order determined that defendant is a
level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he
is a level two risk pursuant to the Sex Offender Registration Act
([SORA] Correction Law § 168 *et seq.*). We reject defendant's
contention that County Court erred in assessing 30 points against him
under risk factor 3, for the number of victims. It is well
established that children depicted in pornographic images constitute
"victims" for the purposes of SORA (*see People v Johnson*, 47 AD3d 140,
142-143, *affd* 11 NY3d 416; *People v Bretan*, 84 AD3d 906, 907; *People v
Perahia*, 57 AD3d 865) and, here, defendant admitted that he possessed
approximately 1,900 images and 300 videos depicting child pornography
at the time of his arrest. The People therefore established by the
requisite clear and convincing evidence that the crime in question
involved three or more victims (*see* Sex Offender Registration Act:
Risk Assessment Guidelines and Commentary, at 10 [2006]; *see generally*
§ 168-n [3]; *People v Pettigrew*, 14 NY3d 406, 409; *People v Mingo*, 12
NY3d 563, 571). There is no merit to defendant's further contention
that, inasmuch as he merely possessed child pornography, he should not
have been assessed 20 points under risk factor 7, for a crime that
"was directed at a stranger" (Risk Assessment Guidelines and
Commentary, at 12; *see Johnson*, 11 NY3d at 419-421). Inasmuch as
defendant admitted that he did not know any of the children depicted
in the pornographic images, the court properly assessed points under
that risk factor (*see Johnson*, 11 NY3d at 419-421; *see generally
Mingo*, 12 NY3d at 572).

Finally, we conclude that "defendant failed to present clear and convincing evidence of special circumstances justifying a downward departure" (*People v McDaniel*, 27 AD3d 1158, 1159, *lv denied* 7 NY3d 703; *see People v Fredendall*, 83 AD3d 1545), particularly in light of defendant's admission that many of the pornographic images at issue depicted violence (*see generally Bretan*, 84 AD3d at 907-908).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court