THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER CARROLL, Appellant. [959 NYS2d 503]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), entered September 8, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant challenges his designation as a level two sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C) following his conviction in the United States District Court for the Southern District of New York on a charge of possession of child pornography.

Contrary to the defendant's contention, the County Court properly assessed him 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (relationship with victim) (*see People v Johnson*, 11 NY3d 416, 419-421 [2008]; *People v Harding*, 87 AD3d 627 [2011]; *People v Bretan*, 84 AD3d 906, 907 [2011]). Further, based on the defendant's own statements regarding his use of alcohol, the County Court properly assessed him 15 points under risk factor 11 (drug or alcohol abuse) (*see People v Gulley*, 99 AD3d 979 [2012]; *People v Murphy*, 68 AD3d 832, 833 [2009]; *People v Arnold*, 35 AD3d 827 [2006]).

To the extent that the defendant established facts that might warrant a downward departure from his presumptive risk level two designation (*see People v Johnson*, 11 NY3d at 421; *People v Bretan*, 84 AD3d at 907-908), upon examining all circumstances relevant to the defendant's risk of reoffense and danger to the community, the County Court providently exercised its discretion in denying the defendant's application for a downward departure (*see People v Wyatt*, 89 AD3d 112, 127-128 [2011]; *People v Harding*, 87 AD3d at 627; *People v Bretan*, 84 AD3d at 907-908; *People v Stella*, 71 AD3d 970 [2010]). Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.