People v Lombardi (2022 NY Slip Op 03015)





People v Lombardi


2022 NY Slip Op 03015


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-00277

[*1]People of State of New York, respondent,
v
Peter Lombardi, appellant. Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.


Raymond A. Tierney, District Attorney, Riverhead, NY (Caren C. Manzello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated December 4, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in federal court, upon his plea of guilty, of possession of child pornography (18 USC § 2252[a][4][B]; [b][2]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant a total of 90 points, including 30 points under risk factor 3 (number of victims), 30 points under risk factor 5 (age of victims), and 20 points under risk factor 7 (victims were strangers), resulting in a presumptive risk level two designation. The court denied the defendant's application for a downward departure, and designated the defendant a level two sex offender.
"At a SORA hearing, the People must prove the facts to support a SORA risk-level classification by clear and convincing evidence" (People v Howard, 27 NY3d 337, 341; see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 571). Here, the People established by clear and convincing evidence that there were at least three victims and that at least one of the victims was 10 years old or younger at the time of the offense, warranting the assessment of 30 points each under risk factors 3 and 5. Contrary to the defendant's contention, the County Court properly relied upon the descriptions of the child pornography the defendant was convicted of possessing as detailed in a report prepared by his federal probation officer, the criminal complaint filed in federal court, and a case summary prepared by the Board of Examiners of Sex Offenders (see People v Mingo, 12 NY3d at 572-574; People v Harding, 87 AD3d 627, 627; see also Correction Law § 168-n[3]). Moreover, the court properly assessed 20 points under risk factor 7, as the People demonstrated by clear and convincing evidence that the defendant and the victims depicted in the child pornography were "strangers" within the meaning of the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (see People v Johnson, 11 NY3d 416, 419-421; People v Strong, 196 AD3d 707, 708).
To the extent that the defendant established facts that might warrant a downward departure from his presumptive classification as a level two sex offender (see People v Johnson, 11 NY3d at 421; People v Bretan, 84 AD3d 906, 907-908), given, among other things, the number and [*2]nature of the images and videos possessed by the defendant, the County Court providently exercised its discretion in denying the defendant's application for a downward departure (see People v Tirado, 165 AD3d 991, 992; People v Rossano, 140 AD3d 1042, 1043).
IANNACCI, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court