People v Ghotra (2023 NY Slip Op 00338)

People v Ghotra

2023 NY Slip Op 00338

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-06976

[*1]The People of the State of New York, respondent,
v
Gurjinder Ghotra, appellant. 

Thomas R. Villecco, Jericho, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Rebecca L. Abensur of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert G. Bogle, J.), entered September 15, 2021, which, after a hearing, designated him a level one sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in New Hampshire, inter alia, of four counts of felonious sexual assault (NH Rev Stat Ann § 632-A:3[II]). Upon establishing residence in New York, the defendant was required to register as a sex offender under the Sex Offender Registration Act (see Correction Law §§ 168-a, 168-k; hereinafter SORA). After a hearing, the Supreme Court designated the defendant a level one sexually violent offender. The defendant appeals, challenging, as a matter of statutory interpretation, his designation as a sexually violent offender. The defendant does not advance any constitutional challenge to his designation.
The Correction Law requires the SORA court to determine, among other things, whether an offender is a "sexually violent offender" (Correction Law § 168-n[1]), defined as "a sex offender who has been convicted of a sexually violent offense" (id. § 168-a[7][b]). A "sexually violent offense" is defined to include, among other things, a "conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred" (id. § 168-a[3][b]).
Contrary to the defendant's contention, that statutory provision "requires any person subject to SORA's foreign registration requirements to be designated a sexually violent offender regardless of whether the underlying offense is violent in nature" (People v Talluto, _____ NY3d _____, ____, 2022 NY Slip Op 07025, *1). Thus, since it is undisputed that the defendant was convicted of felonies in New Hampshire that required him to register as a sex offender in that jurisdiction, the defendant was properly designated a sexually violent offender (see Talluto, ____ NY3d at ____, 2022 NY Slip Op 07025, *1).
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court