People v McGhee (2023 NY Slip Op 05628)

People v McGhee

2023 NY Slip Op 05628

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-10288

[*1]The People of the State of New York, respondent, 
v
Aharon McGhee, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel; Mark J. Ermmarino on the brief), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated November 17, 2022, which, after a hearing, designated him a level one sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant is a former United States Navy Hospitalman Recruit who was stationed in San Antonio, Texas. After military charges were brought against him, the defendant entered a plea of guilty to, inter alia, two counts of sexual abuse of a child in violation of article 120b of the Uniform Code of Military Justice (10 USC § 920b), two counts of sexual abuse of a child involving indecent conduct in violation of article 120b of the Uniform Code of Military Justice (10 USC § 920b), and attempt to commit a lewd act upon a child in violation of article 80/120b of the Uniform Code of Military Justice (10 USC §§ 880, 920b). Upon establishing residence in New York, the defendant was required to register as a sex offender under the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]; see Correction Law §§ 168-a, 168-k). After a hearing, the County Court designated the defendant a level one sexually violent offender. The defendant appeals, challenging his designation as a sexually violent offender.
Contrary to the defendant's contention, Correction Law § 168-a(3)(b) "requires any person subject to SORA's foreign registration requirements to be designated a sexually violent offender regardless of whether the underlying offense is violent in nature" (People v Talluto, 39 NY3d 306, 309; People v Ghotra, 212 AD3d 849, 849 [internal quotation marks omitted]). Since the defendant did not contest that he was convicted of offenses under the Uniform Code of Military Justice, which would require him to register as a sex offender in that jurisdiction, the defendant was properly designated a sexually violent offender (see People v Talluto, 39 NY3d at 309; People v Ghotra, 212 AD3d at 849).
The defendant's remaining contentions are unpreserved for appellate review.
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court