People v Sherlock (2024 NY Slip Op 00643)

People v Sherlock

2024 NY Slip Op 00643

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-10271

[*1]The People of the State of New York, respondent, 
v
Daniel Sherlock, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel; Mark J. Ermmarino on the brief), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Jonathan D. Estreich and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated October 20, 2022, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in federal court, upon his plea of guilty, of possession of child pornography in violation of 18 USC § 2252A(a)(5)(B). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant a total of 85 points under the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sexually violent offender.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence" (People v Guadeloupe, 173 AD3d 910, 911; see Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]). Here, the People established by clear and convincing evidence that there were at least three victims and that at least one of the victims was 10 years old or younger at the time of the offense, warranting the assessment of 30 points each under risk factors 3 and 5 (see People v Lombardi, 205 AD3d 743, 744).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that [*2]twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861).
In this case, the purported mitigating factors identified by the defendant either were adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861) or did not warrant a downward departure. Although in some cases involving offenders who possessed child pornography the assessment of points under risk factors 3 and 7 may result in an overassessment of a defendant's risk to public safety (see id. at 860; People v Johnson, 11 NY3d 416, 421), here, there was no overassessment, and a downward departure was not warranted (see People v Capuano, 211 AD3d 860).
Contrary to the defendant's contention, he was properly designated a sexually violent offender pursuant to the terms of Correction Law § 168-a(3)(b) (see People v Talluto, 39 NY3d 306; People v McGhee, 221 AD3d 738; People v Ghotra, 212 AD3d 849).
The defendant's remaining contentions are unpreserved for appellate review (see People v McGhee, 221 AD3d at 738).
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court