■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY RICHARDSON, JR., Appellant. [850 NYS2d 197]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Donnino, J.), rendered March 28, 2005, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In 1992 the defendant lured two young neighbors, ages 8 and 11, to his basement by offering to play video games with them. After establishing a friendship with them, he offered the boys money in exchange for sexual favors. The defendant pleaded guilty to sexual abuse in the first degree and was sentenced to six months' imprisonment and five years' probation. He later violated his probation by selling crack cocaine to an undercover police officer and received an indeterminate term of $2^{1}/_{3}$ to 7 years' imprisonment. Prior to his release from prison in 1998, a

hearing was held pursuant to the Sex Offender Registration Act (Correction Law art 6-C, hereinafter SORA), to determine his risk of reoffending, and the defendant was adjudicated a level three sex offender. In 2004 a SORA redetermination hearing was held pursuant to the stipulation of settlement reached in *Doe v Pataki* (3 F Supp 2d 456 [1998]), and the Supreme Court determined that the defendant was a level three sex offender upon an aggregate risk factor score of 135 points.

Utilization of the risk assessment instrument will generally "result in the proper classification in most cases so that departures will be the exception—not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). Departure from the presumptive risk level is not appropriate unless "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]).

Here, the Supreme Court properly determined that there was clear and convincing evidence to support the presumptive level three sex offender designation (*see People v McLaughlin,* 40 AD3d 832 [2007]) and providently exercised its discretion in denying his request for a downward departure as the defendant failed to present clear and convincing evidence of special circumstances warranting such a departure (*see People v Adams,* 44 AD3d 1020 [2007], *lv denied* 9 NY3d 818 [2008]).

The defendant's remaining contentions are unpreserved for appellate review (*see People v Dexter,* 21 AD3d 403 [2005]; *People v Angelo,* 3 AD3d 482 [2004]). Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.