[900 NE2d 930, 872 NYS2d 379]

The People of the State of New York, Respondent, v Clarence A. Johnson, Appellant.

Argued October 15, 2008; decided November 24, 2008

## POINTS OF COUNSEL

*Gary A. Horton, Public Defender,* Batavia (*Bridget L. Field* of counsel), for appellant. The lower court erred in accepting the People's assessment of points on the risk assessment instrument and finding Mr. Johnson to be a level two sex offender under Correction Law article 6-C. (*People v Taylor,* 48 AD3d 775; *People v MacNeil,* 283 AD2d 835; *People v Tejada,* 51 AD3d 472; *People v Lewis,* 45 AD3d 1381; *People v Brown,* 5 Misc 3d 529; *People v Patterson,* 149 AD2d 966; *People v Castro,* 286 AD2d 989.)

*Lawrence Friedman, District Attorney,* Batavia (*David E. Gann* of counsel), for respondent. I. Appellant was properly assessed 20 points under Sex Offender Registration Act: Risk Assessment Guidelines and Commentary risk factor 7, "Relationship Between Offender and Victim." (*People v Brown,* 5 Misc 3d 529; *New York v Ferber,* 458 US 747; *Osborne v Ohio,* 495 US 103; *Ashcroft v Free Speech Coalition,* 535 US 234.) II. Appellant's argument that he was improperly assessed 30 points under Sex Offender Registration Act: Risk Assessment Guidelines and Commentary risk factor 5, "Age of Victim," is without merit. (*People v Brown,* 5 Misc 3d 529; *People v Prado,* 4 NY3d 725; *People v Davila,* 299 AD2d 573.)

## OPINION OF THE COURT

SMITH, J.

This case requires us to consider one of the risk factors used by the Board of Examiners of Sex Offenders (Board) to help courts assess the danger that convicted sex offenders pose to the community. Defendant, whose crime consists of possessing pornographic images of children, argues that the Board's factor 7, indicating an increased level of risk when a crime "was directed at a stranger," should be interpreted in a way that makes it inapplicable to his case.

Defendant's proposed reading of factor 7 is a strained one, and we reject it. It may well be that, in cases involving the possession of child pornography, the absence of a previous relationship between the offender and the children pictured does not normally heighten the risk the offender presents to the community. However, the way for courts to avoid anomalous results is not to distort the plain meaning of the Board's risk factors, but to exercise their discretion to depart from the result indicated by the risk factors in cases where that result does not make sense.

I

Defendant had on his computer pornographic images of children who were strangers to him. He pleaded guilty in County Court to attempted promoting a sexual performance by a child, and was sentenced to 10 years' probation. His conviction required him to register under the Sex Offender Registration Act (SORA) (Correction Law art 6-C), and County Court was required by SORA to decide whether defendant presented a level one (low), level two (moderate) or level three (high) risk (*see* Correction Law § 168-n [2]; *see also* Correction Law § 168-*l* [6]). The choice here was between level one and level two. The chief practical difference between them is that the identity of a level two offender is made available to the public (*see* Correction Law § 168-*l* [6] [b]; § 168-q).

County Court found defendant to be a level two offender, relying on a numerical calculation made by the Board. The Board made this calculation using its Risk Assessment Guidelines, which consist of 15 risk factors, each carrying a certain number of points. An offender who receives a score of 70 points or less is "presumptively level 1," and one who receives more than 70 but less than 110 is "presumptively level 2" (Board of Examiners of Sex Offenders, Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [Guidelines], at 3 [2006]). (The point totals are subject to "overrides," not involved in this case, which automatically yield a presumptive level three designation [*id.*].)

In defendant's case, the Board recommended, and County Court adopted, an assessment of 100 points, but the Appellate Division later found, and the People do not dispute, that 20 of them were assessed in error. Of the remaining 80 points, 20 were assessed under factor 7, and the Appellate Division found that these points were proper. Based on the 80-point total, the

Appellate Division affirmed County Court's designation of defendant as a level two offender (47 AD3d 140 [2007]). This Court granted leave to appeal (10 NY3d 706 [2008]).

## II

Factor 7 reads in full as follows:

"Factor 7: Relationship Between Offender and Victim

"The offender's crime (i) was directed at a stranger or a person with whom a relationship had been established or promoted for the primary purpose of victimization or (ii) arose in the context of a professional or avocational relationship between the offender and the victim and was an abuse of that relationship (20 pts)."

Subsection (i) of factor 7 reflects the Legislature's command that the Board consider, among other things, whether an offender has a condition that makes him "likely to engage in predatory sexually violent offenses" (Correction Law § 168-*l* [5] [a] [i]). The subsection tracks the legislative definition of the word "predatory": "an act directed at a stranger, or a person with whom a relationship has been established or promoted for the primary purpose of victimization" (Correction Law § 168-a [9]).

The Legislature's and the Board's concern with sex offenders who direct their crimes at strangers is easily understandable, in the ordinary case. Most sex crimes involve criminals who subject their victims to sexual contact without the victims' consent, and people who do that to people they do not know pose a special danger to the community—they present, in the words of the Board's commentary on factor 7, "a heightened concern for public safety and need for community notification" (Guidelines at 12). In a footnote to this remark, the Board states an obvious truth: "The need for community notification . . . is generally greater when the offender strikes at persons who do not know him well . . . ." (*Id.* at 12 n 8.)

But the truth of this generalization is not at all obvious when the offense in question is the possession of child pornography. Most people who commit such crimes never have any contact with the children whose images they look at. The unusual case where the offender and the children *are* acquainted would seem to present a greater threat to the community, not a lesser one.

Bad as this defendant's conduct was, it would surely be worse—and defendant would seem a significantly more dangerous man—if he had been looking at pictures of his friends' or neighbors' children. Yet, under factor 7, previous acquaintance with the children would (unless one of the other facts listed in factor 7 were present) decrease defendant's risk score, not increase it. It does not seem that factor 7 was written with possessors of child pornography in mind.

Defendant asks us to read factor 7 in a way that would exclude him from its coverage. But we see no way to do that under the factor's plain language. Defendant's crime was unquestionably "directed at . . . stranger[s]." Defendant argued to County Court that his crime was not "directed at" the children pictured in the images he possessed—i.e., that they were not his victims. But of course they were. The whole point of the child pornography statutes is to protect children like these from exploitation by pornographers—an exploitation to which defendant, by consuming the pornographers' product, contributed. As the Appellate Division pointed out, we have referred to provisions governing the age of children in child pornography statutes as "victim age provisions" (*Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745, 748 [2007]); and the United States Supreme Court, in a case involving New York child pornography statutes, has referred to "the child victim" of such a crime (*New York v Ferber*, 458 US 747, 759 n 10 [1982]). In this Court, defendant has abandoned the argument that the children were not his victims.

Defendant now focuses instead on the word "relationship" in the title of factor 7: "Relationship Between Offender and Victim." His argument is that because he had no relationship with his victims, factor 7 does not cover him. We find the argument to be without merit. It is plain from the face of factor 7 that it is meant to focus on the relationship, or absence of a relationship, between the offender and his victim before the crime was committed. This risk factor expressly includes, as the first-mentioned category of offender it covers, one whose victim was "a stranger." Perhaps factor 7 could have been more precisely titled "Relationship or Lack of Relationship Between Offender and Victim," but the shorter title does not create any real doubt about what the factor means.

Defendant is, in substance, asking us to distort the text of factor 7 to avoid an unjust result in cases like his. This expedient is not only inappropriate, it is unnecessary. While factor 7

unambiguously requires the assessment of 20 points against defendant, neither the Board nor the court was bound to choose the risk level indicated by defendant's point total. And although the Board did choose that risk level, the court was not bound to follow the Board's recommendation.

The Board's commentary on its Guidelines makes clear that the risk level it calculates from point totals is only "presumptive": "the Board or court may depart from it if special circumstances warrant" (Guidelines at 4). The commentary recognizes "that an objective instrument, no matter how well designed, will not fully capture the nuances of every case" and that a departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (*id.*).

The court is free to depart from the presumptive risk level even if the Board does not recommend such a departure. The statute is quite clear: the Board's duty is to "make a recommendation to the sentencing court" (Correction Law § 168-*l* [6]) and the court, applying a clear and convincing evidence standard, is to make its determination after considering that recommendation, and any other materials properly before it (Correction Law § 168-n [3]). While departures from the Board's recommendations are of course the exception, not the rule, the possibility of such departures has been generally recognized (*see Matter of VanDover v Czajka*, 276 AD2d 945, 946 [3d Dept 2000]; *Matter of New York State Bd. of Examiners of Sex Offenders v Ransom*, 249 AD2d 891, 892 [4th Dept 1998] ["The Board . . . serves only in an advisory capacity that is similar to the role served by a probation department in submitting a sentencing recommendation"]; *see also* 83 NY Jur 2d, Penal and Correctional Institutions § 319 [2d ed updated 2008] ["the court is not bound by the recommendation of the board in determining the appropriate risk level of an offender . . . and, in its exercise of discretion, may depart from the board's recommendation"]).

In this case defendant might well have argued for a downward departure from the level indicated by defendant's point total. As we have explained, the application of factor 7 to child pornography cases like this produces a seemingly anomalous result, one the authors of the Guidelines may not have intended or foreseen. However, defendant never asked County Court to use its discretion to depart from the Board's recommendation. He made only legal arguments, directed at the interpretation of the Guidelines.

The courts below did not err in rejecting defendant's arguments, and no other legal issue has been preserved for our review. We therefore affirm his level two designation. This result may not cause defendant serious hardship; he has a statutory right to petition County Court for an order modifying that designation (Correction Law § 168-*o* [2]), and our holding today does not affect that right.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed, without costs.