■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORRIS BURTON, Appellant. [894 NYS2d 872]—

Order, Supreme Court, New York County (Michael J. Obus, J.), entered on or about December 18, 2007, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The hearing court providently exercised its discretion (*see People v Mingo*, 12 NY3d 563, 568 n 2 [2009]; *People v Johnson*, 11 NY3d 416, 418, 421 [2008]) in denying defendant's request for a downward departure. Although defendant argues that his age and physical condition would militate against his reoffending, these factors did not prevent him from committing a sexual offense while incarcerated (*see People v Johnson*, 44 AD3d 571 [2007], *lv denied* 10 NY3d 701 [2008]; *People v Adams*, 44 AD3d 1020 [2007], 9 NY3d 818 [2008]). Defendant's claim that, notwithstanding his guilty plea, he was innocent of the underlying rape is an inappropriate basis for a downward departure. "Facts previously . . . elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" (Correction Law § 168-n [3]). Concur—Tom, J.P., Friedman, Sweeny, Nardelli and Abdus-Salaam, JJ.

■ MARCELLA PANESCU et al., Respondents, v VILLA LIVERY CORP. et al., Appellants. [894 NYS2d 871]—An appeal having been taken to this Court by the above-named appellants from an order of the Supreme Court, Bronx County (Paul A. Victor, J.), entered on or about September 2, 2009, and said appeal having been argued by counsel for the respective parties; and due deliberation having been had thereon, and upon the stipulation of the parties hereto dated February 17, 2010, it is unanimously ordered that said appeal be and the same is hereby withdrawn in accordance with the terms of the aforesaid stipulation. Concur—Tom, J.P., Friedman, Sweeny, Nardelli and Abdus-Salaam, JJ.