■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GARNER, Appellant. [907 NYS2d 866]—Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered on or about March 12, 2009, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Saxe, J.P., Nardelli, McGuire, Freedman and Abdus-Salaam, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BAEZ, Appellant. [907 NYS2d 867]—

Order, Supreme Court, Bronx County (Darcel D. Clark, J.), entered on or about August 14, 2007, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Although defendant challenges a particular 15-point assessment, even without that assessment he would remain a level two offender, and we find no basis for a discretionary downward departure from defendant's presumptive risk level (*see People v Mingo*, 12 NY3d 563, 568 n 2 [2009]; *People v Johnson*, 11 NY3d 416, 421 [2008]). The mitigating circumstances cited by defendant were adequately taken into account by the risk assessment instrument. Concur—Saxe, J.P., Nardelli, McGuire, Freedman and Abdus-Salaam, JJ.