THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN BLACKMAN, Appellant. [912 NYS2d 63]—

Appeal by the defendant from an order of the County Court, Westchester County (Cacace, J.), entered February 2, 2010, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted, upon his plea of guilty, of attempted disseminating indecent material to minors in the first degree and possessing an obscene sexual performance by a child. The underlying offenses involved the defendant's computer communications, over a 10-month period, with an individual he believed to be a 15-year-old male, but who was in fact an undercover police officer. The defendant was arrested when he arrived to meet with the male to engage in sexual relations. A

subsequent search of his computer found several images of child pornography. Following a hearing pursuant to Correction Law article 6-C, the County Court denied the defendant's request for a downward departure to level one and designated the defendant a level two sex offender.

The Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (hereinafter the SORA Guidelines) advise that the assessment by the Board of Examiners of Sex Offenders (hereinafter the Board) of the risk factors set forth in the risk assessment instrument generally result in a "presumptive" SORA determination (SORA Guidelines, at 4 [2006]; *see People v Frosch*, 69 AD3d 699 [2010]; *People v Richardson*, 47 AD3d 905 [2008]). While a court or the Board has discretion to depart from the presumptive SORA determination, the SORA Guidelines caution that "in most cases . . . departures will be the exception—not the rule" and advise that departures should not be made unless the court or Board "concludes that there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (SORA Guidelines, at 4 [2006]; *see People v Johnson*, 11 NY3d 416, 421 [2008]; *People v Frosch*, 69 AD3d 699 [2010]; *People v Chandler*, 48 AD3d 770 [2008]; *People v White*, 25 AD3d 677 [2006]). To warrant a departure from the presumptive SORA determination, there must be clear and convincing evidence of a special circumstance (*see People v Rios*, 57 AD3d 501 [2008]; *People v Miller*, 48 AD3d 774, 775 [2008]; *People v Abdullah*, 31 AD3d 515, 516 [2006]).

Here, contrary to the defendant's contention, the County Court properly set forth the basis for its determination, as required under Correction Law § 168-d (3). Moreover, we agree with the County Court that the dicta in *People v Johnson* (11 NY3d 416, 421 [2008]), concerning risk factor 7 (relationship with victim) in which the Court of Appeals observed that increasing the risk level for a defendant convicted only for possessing child pornography depicting children who were strangers to the defendant may lead to an "anomalous result" (*People v Johnson*, 11 NY3d at 421-422), is not applicable here. As the County Court correctly stated, unlike the defendant in *Johnson*, here, the defendant not only admittedly possessed child pornography depicting children who were strangers to him, but he also scheduled a meeting with an individual he believed to be a 15-year-old boy, and thus, "exhibited a willingness to act on his compulsions which is contrary to the situation discussed in *Johnson*." Furthermore, we discern no mitigating factor that is not adequately contemplated by the SORA Guidelines which

would warrant a downward departure in this case and, thus, we find no basis to disturb the County Court's designation of the defendant as a level two sex offender. Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.