OPINION OF THE COURT
Charles Apotheker, J.
Pursuant to Correction Law § 168-n (3), this court held a sex offender classification hearing on April 25, 2011, to register the defendant as a sex offender pursuant to the Sex Offender Registration Act. The hearing was held to classify the above-named defendant, who had been convicted of attempted disseminating indecent material to minors in the first degree (Penal Law §§ 110.00, 235.22), a class E felony. The defendant was present and was represented by counsel.
In connection with the hearing, the court reviewed the following documents: Sex Offender Registration Act risk assessment instrument prepared by the Office of the District Attorney (People’s exhibit 1), the defendant’s presentence investigation report (People’s exhibit 2), the felony complaint and supporting deposition (People’s exhibit 3) defendant’s Internet chat with an undercover police officer (People’s exhibit 4) and, sentencing minutes (People’s exhibit 5). The court heard statements from both the prosecution and defense counsel and written memorandums were submitted after the hearing on contested issues.
The recommendation contained in the risk assessment instrument is the presumptive risk level to be applied to an offender. (See People v Guaman, 8 AD3d 545 [2d Dept 2004].) The People, in their memorandum, withdrew 20 points calculated under risk factor 4. The People concede that points could only be assessed had the defendant come in contact with an actual victim, not an undercover officer. In recalculating the risk assessment instrument, the defendant has received an aggregate score of 45 points, classifying him as a presumptive level one sex offender.
With regard to risk factor 7 (relationship with victim), the defendant contests the scoring of 20 points. Once the scoring is *928 disputed, the People bear the burden of establishing the risk level by clear and convincing evidence. (See Correction Law § 168-n [3].) Factor 7 scores 20 points for a relationship with a victim that is a stranger, developed for purposes of victimization, or arose in context of a professional or vocational relationship which was abused by the offender. The People argue in their memorandum that points shall be applied under this factor because the defendant’s crime was directed at a stranger. The People rely on People v Johnson (11 NY3d 416 [2008]) in support of their argument. The People’s position in scoring the defendant 20 points under factor 7 is inconsistent. The People conceded that points should not have been assessed under factor 4 but maintain that points were correctly assessed under factor 7, when both factors require a “victim.”
In this case, communication occurred between the defendant and an undercover officer. An undercover officer is not a victim. (See People v Costello, 35 AD3d 754, 755 [2d Dept 2006].) Either there is an actual victim or there is not. The People have not provided any evidence to support that there was a victim in this matter. Therefore, this court finds that the People failed to show by clear and convincing evidence that an undercover officer can be considered a victim for purposes of scoring 20 points under risk factor 7. In recalculating the risk assessment instrument, the defendant should have only been scored 25 points. Thus, the defendant remains a presumptive level one.
The People are seeking an upward departure from the presumptive risk level one to risk level two as a result of two issues not considered in the scoring instrument. The People have the burden to prove by clear and convincing evidence that there is a special circumstance warranting an upward departure. (See People v Williams, 19 AD3d 388 [2d Dept 2005].)
First, the People argue that the special circumstance for consideration is that the scoring instrument fails to take into account the defendant’s medical condition. Specifically, the neuropsychological evaluation describes the defendant as having deteriorated “emotional self-control and social judgment,” which is a direct consequence of his brain injury. (See People’s exhibit 2.) The assessment states that frontal-lobe damage is known to result in poor impulse control, impaired judgment, disinhibition, and the loss of ability to anticipate the consequences of one’s actions. (Id.) Although informative, it does not state that the defendant has these specific defects and that these defects could increase his risk to reoffend. Thus, the *929 People have failed to prove by clear and convincing evidence that an upward departure is warranted as a result of the defendant’s medical condition.
Second, the People argue that the scoring instrument fails to take into account that the defendant was communicating with an undercover officer. The People assert in their memorandum that “[a]s scored now, the defendant is receiving very little points because he was fortunate to be caught by an undercover officer instead of talking to an actual child.” (See People’s mem at 3.) The People further state that because the defendant believed he was interacting with a 13-year-old girl on the Internet this is an aggravating factor. (Id.) The People rely on People v Blackman (78 AD3d 803 [2d Dept 2010]) in support of their argument. However, in Blackman the defendant was in possession of child pornography and the defendant was arrested while attempting to meet the undercover officer who he believed was a child, for the purpose of engaging in sexual relations. In this case, the defendant is so incapacitated by his brain injury he is unable to drive or walk by himself near busy roads. (See People’s exhibit 2.) Thus, Blackman is not applicable nor comparable to the facts and circumstances of this case.
It should be noted that if the Board of Examiners of Sex Offenders thought that interacting with an undercover officer over the Internet was an additional risk factor to be considered when determining whether a defendant was at risk to reoffend, such risk factor would have been included in the risk assessment instrument. The People have failed to prove by clear and convincing evidence that an upward departure was warranted as a result of the defendant not being scored points for believing he was interacting with a child.
Accordingly, the defendant shall register as a level one sex offender in accordance with laws of the State of New York.