# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

701
KA 12-00141
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PRASHANT AGARWAL, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Cayuga County Court (Mark H. Fandrich, A.J.), dated June 20, 2011.  The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.), defendant contends that County Court's upward departure from his presumptive classification as a level one risk to a level two risk is not supported by the requisite clear and convincing evidence (*see* § 168-n [3]).  We reject that contention.  There is clear and convincing evidence that defendant used the internet to engage in sexually explicit conversations with an undercover police officer posing as a 14-year-old girl, instructed her to masturbate, provided her with Web sites to educate her about sexual positions, communicated to her that he wanted to engage in sexual activity with her, and " 'exhibited a willingness to act on his compulsions' " by arranging to meet with her and then arriving at the arranged meeting with various items demonstrating his intent to engage in sexual activity (*People v Blackman*, 78 AD3d 803, 804, *lv denied* 16 NY3d 707).  In our view, the People thereby presented evidence of aggravating factors " 'of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines' " (*People v McCollum*, 41 AD3d 1187, 1188, *lv denied* 9 NY3d 807).

Entered:  June 8, 2012                              Frances E. Cafarell
                                                    Clerk of the Court