Order, Supreme Court, New York County (Renee A. White, J.), entered on or about September 6, 2011, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The record supports the court’s discretionary upward departure. “[T]he level suggested by the [risk assessment instrument] is merely presumptive and a SORA court possesses the discretion to impose a lower or higher risk level if it concludes that the factors in the RAI do not result in an appropriate designation” (People v Mingo, 12 NY3d 563, 568 n 2 [2009]; see also People v Johnson, 11 NY3d 416, 421 [2008]). Here, even though defendant was assessed the maximum amount of points under the risk factors for use of violence and sexual contact, the RAI did not adequately account for the extreme egregiousness of defendant’s conduct (see e.g. People v Guasp, 95 AD3d 608 [1st Dept 2012], lv denied 19 NY3d 812 [2012]). Concur — Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.