■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FOUNTAIN, Appellant. [979 NYS2d 810]—Order, Supreme Court, New York County (Roger Hayes, J.), entered on or about September 14, 2009, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly exercised its discretion in declining to grant a downward departure to level two (*see People v Cintron*, 12 NY3d 60, 70 [2009], *cert denied* 558 US 1011 [2009]; *People v Johnson*, 11 NY3d 416, 418, 421 [2008]). Defendant's egregious criminal record, including the underlying sex crime, defendant's prior sex crimes against children, and his homicide convictions, outweighs the factors he cites in support of a downward departure. Concur—Gonzalez, P.J., Sweeny, Richter, Manzanet-Daniels and Clark, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON SIMMONS, Appellant. [979 NYS2d 810]—Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered February 17, 2012, resentencing defendant to an aggregate term of 18 years, with five years' postrelease supervision, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*People v Lingle*, 16 NY3d 621 [2011]).

We perceive no basis for reducing the term of postrelease supervision. Concur—Gonzalez, P.J., Sweeny, Richter, Manzanet-Daniels and Clark, JJ.