■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BROWN, Appellant. [983 NYS2d 900]—

Appeal by the defendant from an amended order of the County Court, Westchester County (Cacace, J.), entered September 24, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the amended order is affirmed, without costs or disbursements.

The County Court's designation of the defendant as a level two sex offender under the Sex Offender Registration Act (hereinafter SORA) was supported by clear and convincing evidence (see Correction Law § 168-n [3]; *People v Pettigrew*, 14 NY3d 406, 408 [2010]; *People v Mingo*, 12 NY3d 563, 571 [2009]; *People v Atkinson*, 65 AD3d 1112 [2009]; *People v Bright*, 63 AD3d 1133 [2009]). Contrary to the defendant's contention, in scoring the defendant pursuant to the SORA risk assessment instrument, the court adequately set forth its findings of fact and conclusions of law, and properly assessed 30 and 20 points under risk factors 3 and 7, respectively (see Correction Law § 168-n [3]; *People v Johnson*, 11 NY3d 416, 419-420 [2008]; *People v Poole*, 90 AD3d 1550 [2011]; *People v Harding*, 87 AD3d 627 [2011]; *People v Bretan*, 84 AD3d 906 [2011]; *People v Stella*, 71 AD3d 970 [2010]; *People v Perahia*, 57 AD3d 865 [2008]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10, 12 [2006]). Contrary to the defendant's contention, the position statement issued by the Board of Examiners of Sex Offenders in June 2012 does not depart from the holding in *People v Johnson* (11 NY3d 416 [2008]), that offenders convicted of possession of child pornography are properly scored under risk factors 3 and 7.

In denying the defendant's request for a downward departure, the County Court failed to adequately set forth its findings of fact and conclusions of law (see Correction Law § 168-n [3]). However, since the record is sufficient for this Court to make its

own findings of fact and conclusions of law, remittal is not required (*see People v Johnson*, 109 AD3d 972 [2013], *lv denied* 22 NY3d 861 [2014]; *People v Grubbs*, 107 AD3d 771 [2013]; *People v Boykin*, 102 AD3d 937 [2013]). Upon our review of the record, we find that it was not an improvident exercise of discretion for the County Court to deny the defendant's request for a downward departure to a level one sex offender (*see People v Johnson*, 11 NY3d at 421; *People v Wyatt*, 89 AD3d 112, 127-128 [2011]; *People v Mendez*, 79 AD3d 834 [2010]). Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.