Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about March 14, 2013, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total point score to support a level three sexually violent offender adjudication.
The court properly exercised its discretion in declining to grant a downward departure (see People v Cintron, 12 NY3d 60, 70 [2009], cert denied 558 US 1011 [2009]; People v Johnson, 11 NY3d 416, 421 [2008]). Defendant did not demonstrate any mitigating factors, not already taken into account in the risk assessment instrument, that would warrant a downward departure, given the seriousness of the underlying conduct committed against a child. While conceding that the court properly assessed points for unsatisfactory conduct while confined (see People v Perez, 104 AD3d 403 [1st Dept 2013], lv denied 21 NY3d 858 [2013]; People v Salley, 67 AD3d 525 [1st Dept 2009], lv denied 14 NY3d 703 [2010]), defendant argues that the court should have exercised its discretion to assess fewer than 20 points. However, defendant would have remained a level three offender even if the court had not assessed any points under that factor. In any event, the assessment of 20 points was appropriate.
Concur—Friedman, J.E, Acosta, Saxe, Feinman and Gische, JJ.