■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCESCO SANTODONATO, Appellant. [24 NYS3d 535]—Appeals by the defendant from (1) an order of the County Court, Suffolk County (Kahn, J.), dated June 17, 2014, which, after a hearing, and upon denying his application for a downward departure, designated him a level two sex offender pursuant to Correction Law article 6-C, and (2) an order of the same court dated December 23, 2014, which denied his motion for leave to renew his application for a downward departure.

Ordered that the orders are affirmed, without costs or disbursements.

The defendant failed to show, by a preponderance of the evidence, his entitlement to a downward departure from the presumptive risk level (*see People v Gillotti*, 23 NY3d 841 [2014]; *People v Wyatt*, 89 AD3d 112 [2011]).

The County Court did not err in denying the defendant's motion for leave to renew his application for a downward departure (*see People v Chetrick*, 255 AD2d 392 [1998]). Even assuming, without deciding, the veracity of the defendant's claim that his counsel was "blindsided" at the Sex Offender Registration Act (hereinafter SORA) hearing by the People's proposed level two designation (*cf. People v Howell*, 82 AD3d 857 [2011]), the substantive arguments subsequently presented in support of his motion for leave to renew were either irrevelant to his SORA designation or without merit (*see People v Gillotti*, 23 NY3d 841 [2014]). Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.