*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    518968
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                     MEMORANDUM AND ORDER

WILLIAM P. GRAZIANO,
                        Appellant.
_____

Calendar Date:  May 27, 2016

Before:  McCarthy, J.P., Rose, Devine and Aarons, JJ.

_____

        James P. Milstein, Public Defender, Albany (Christopher J.
Ritchey of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

_____

Rose, J.

        Appeal from an order of the County Court of Albany County
(Lynch, J.), dated February 27, 2014, which classified defendant
as a risk level III sex offender pursuant to the Sex Offender
Registration Act.

        Defendant pleaded guilty in 2007 to the federal crime of
possession of child pornography (see 18 USC § 2252A [a] [5] [B])
and was sentenced to 87 months in jail and 20 years of
postrelease supervision.  The conviction stems from the
disclosure by an underage female relative that, among other
things, defendant had exposed her to child pornography and
masturbated in front of her.  The subsequent forensic examination
of defendant's home computers revealed a total of 511 images of

child pornography on one hard drive and, on the other hard drive which had been wiped clean, 11 such images were discovered. Following defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) that placed him within the presumptive risk level I category (35 points).[1]  The Board recommended an upward departure to a risk level II based upon defendant's history of viewing child pornography for five years or more, the number of images possessed, which it found was likely "far higher" before the hard drive was wiped clean, and his sexually-related conviction for endangering the welfare of a child, which was not taken into consideration in its RAI due to the timing of the events.  The People also prepared an RAI in which they advocated for the assessment of 110 points, a presumptive risk level III sex offender, which added 30 points under risk factor 3 for number of victims and 20 points under risk factor 7 for stranger relationship with victim, and increased the points under risk factor 9 to 30 points for a prior endangering the welfare of a child conviction.  After a hearing, County Court agreed with the People's assessment of points and classified defendant as a risk level III sex offender, and denied defendant's request for a downward departure.  Defendant now appeals.

We affirm.  Defendant argues that County Court excessively assessed 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (stranger relationship with victim) given that he was convicted of possessing child pornography.  We disagree.  Under established law, children depicted in pornographic images are each separate victims for purposes of the Sex Offedner Registration Act in general and risk factor 3 in particular (see People v Gillotti, 23 NY3d 841, 844-845, 854-858 [2014]; People v Johnson, 11 NY3d 416, 418-420 [2008]; People v Weihrich, 111 AD3d 1032, 1033 [2013], lv denied 23 NY3d 905 [2014]).  Defendant did not dispute the proof that he possessed pornographic images depicting at least 16 different children who

---

[1]  The Board included 30 points under risk factor 5 for age of the victim (10 or less) and five points under risk factor 9 for prior crimes for his "prior history/no sex crimes or felonies."

were later identified by the National Center for Missing and Exploited Children, and did not contest the details in the case summary regarding the graphic images of three children between the ages of four and six. This provided clear and convincing evidence supporting the court's assessment of 30 points under risk factor 3 (see Correction Law § 168-n [3]; People v Gillotti, 23 NY3d at 861-862; People v Weihrich, 111 AD3d at 1033). Likewise, it was undisputed that the victimized children portrayed in the images possessed by defendant were strangers to him, permitting the assessment of 20 points under risk factor 7 (see People v Johnson, 11 NY3d at 420-421).

We are similarly unpersuaded by defendant's argument that the denial of his request for a downward departure constituted an abuse of discretion. The request was premised upon defendant's age (50), lack of felony history and letters of recommendation from friends and employers opining that they did not find him to be a risk. These letters were taken into consideration by the Board, however, and we find no basis upon which to disturb County Court's conclusion that these submissions did not demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines so as to warrant a downward departure (see People v Gillotti, 23 NY3d at 861). In that regard, the case summary contains disturbing disclosures indicating that defendant has had a long history of deviant sexual contact with others, he abused children as young as 10 years old and he was resistant to treatment, supporting the Board's finding that he is "sexually deviant" and "sexually preoccupied." Considering these facts, the assignment of points under risk factors 3 and 7 did not result in an overestimation of defendant's risk of reoffense and danger to the public (see People v Gillotti, 23 NY3d at 858, 860; People v Johnson, 11 NY3d at 421).[2]

_____

[2] While County Court indicated that its risk level III sex offender designation constituted an "upward departure" in that it departed from the Board's recommended risk level, we note that the Board's risk level assessment is a recommendation that is not binding on the court (see Correction Law §§ 168-l [6]; 168-n; People v Johnson, 11 NY3d at 421). Where, as here, the court

-4-                          518968

McCarthy, J.P., Devine and Aarons, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court

---

rejects the Board's RAI calculation and recommendation in favor
of its own, different presumptive risk level based upon its RAI
calculation, this does not constitute an upward departure.
Rather, it represents the court's risk level designation in
accordance with its own presumptive risk level calculation.