Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated August 10, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The defendant challenges his designation as a level two sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) following his conviction upon a plea of guilty to 8 counts of promoting a sexual performance by a child in violation of Penal Law § 263.15 and 21 counts of possessing a sexual performance by a child in violation of Penal Law § 263.16.
 

 The defendant’s contention that the County Court improperly assessed 30 points under risk factor 3 (number of victims) is unpreserved for appellate review, since he did not raise this issue at the SORA hearing (see People v Destio, 145 AD3d 1047, 1048 [2016]). In any event, this contention is without merit (see People v Gillotti, 23 NY3d 841, 845 [2014]; People v Nethercott, 119 AD3d 918 [2014]; People v Brown, 116 AD3d 1017 [2014]). Further, contrary to the defendant’s contention, the court properly assessed 20 points under risk factor 7 (relationship with victim) (see People v Gillotti, 23 NY3d at 854; People v Johnson, 11 NY3d 416, 418-420 [2008]; People v Nethercott, 119 AD3d 918 [2014]; People v Brown, 116 AD3d 1017 [2014]).
 

 The defendant’s contention that he was entitled to a downward departure is unpreserved for appellate review because he did not request a downward departure from his presumptive designation as a level two sex offender during the SORA hearing (see People v Sweat, 147 AD3d 802, 802 [2017]). In any event, this contention is without merit (see id.).
 

 Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.