People v Kemp (2018 NY Slip Op 05397)





People v Kemp


2018 NY Slip Op 05397


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
ADAM KEMP, Appellant.

Calendar Date: June 4, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


Martin J. McGuinness, Saratoga Springs, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the County Court of Washington County (McKeighan, J.), entered April 12, 2017, which classified defendant as a risk level two sex offender under the Sex Offender Registration Act.
In April 2014, defendant waived indictment and pleaded guilty to a superior court information charging him with one count of possessing a sexual performance by a child with the understanding that he would be sentenced to a 10-year term of probation. In anticipation of the combined sentencing and risk level classification hearing, the People prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender. County Court thereafter sentenced defendant to the contemplated term of probation, and the parties turned their attention to defendant's risk level classification under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). In this regard, counsel for defendant stipulated/consented to the 80 points imposed under the risk assessment instrument and indicated that defendant was not requesting a hearing with respect thereto. Defense counsel did, however, request a downward departure, which the People opposed. County Court denied defendant's request for a downward departure and classified defendant as a risk level two sex offender.
This Court dismissed defendant's subsequent appeal, finding that the record failed to "reflect that a written court order was ever entered and filed" (130 AD3d 1132, 1133 [2015]). Following entry of an appropriate order, defendant again appealed and we reversed, finding that County Court "did not take into consideration the potential overestimation of defendant's risk of reoffense and the danger to the public created by the assessment of . . . points" under risk factor 7 (148 AD3d 1284, 1285 [2017]). Thereafter, by order entered April 12, 2017, County Court denied defendant's request for a downward departure and again classified him as a risk level two sex offender, finding that the totality of the circumstances did not warrant a departure from the presumptive risk level classification. This appeal by defendant ensued.
We affirm. "Under SORA, a court must follow three analytical steps to determine whether . . . to order a departure from the presumptive risk level indicated by the offender's guidelines factor score. At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by [the] party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines. At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand. . . . [A]t the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d 841, 861 [2014] [citations omitted])[FN1]. As the party seeking the downward departure, "[d]efendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Deming, 155 AD3d 1262, 1263 [2017] [internal quotation marks and citations omitted], lv denied 30 NY3d 911 [2018]; see People v Middlemiss, 153 AD3d 1096, 1098 [2017], lv denied 30 NY3d 906 [2017]).
As County Court aptly observed, defendant — in support of his request for a downward departure — relied solely upon the anomaly, first recognized by the Court of Appeals in People v Johnson (11 NY3d 416 [2008]) and again acknowledged in People v Gillotti (supra), that may exist when an offender is assessed points under risk factor 7, which, in turn, accounts for the increased risk of sexual recidivism posed by an offender whose crime is directed at a stranger" (People v Gillotti, 23 NY3d at 845). Although there is no question "that [the] children depicted in child pornography are victims of sex offenders" within the meaning of SORA (id. at 844-845 [internal quotation marks omitted]; see People v Johnson, 11 NY3d at 418-420), the Court of Appeals has noted "that the assignment of points to a child pornographer under [risk] factor 7 may sometimes result in an excessive risk calculation in a manner not contemplated by the [SORA] guidelines or the statute" (People v Gillotti, 23 NY3d at 845) — an unintended result that may be addressed by the exercise of the classifying court's discretion when faced with a request for a downward departure (see id.; People v Johnson, 11 NY3d at 421).
While defense counsel referenced the cited anomaly and urged County Court to grant defendant's request for a downward departure, no further argument was offered — and no evidence on defendant's behalf was tendered — in support of this request. Rather, the sole proof offered at the hearing was provided by the People,[FN2] which established, among other things, that defendant actively searched for, downloaded, viewed and shared files containing child pornography, including one image depicting an approximately eight-year-old girl in bondage and wearing a leather mask. Indeed, defendant, who acknowledged that he was aroused by such images, admitted to a law enforcement investigator that he downloaded child pornography "probably two to three times a week" — utilizing two computers in his home and employing search terms that allowed him to narrow his results to young children. Defendant further asked the investigator to monitor his behavior and to "[k]eep him on his toes" in an effort "to help him stop" downloading child pornography. In light of such proof, and given defendant's failure to articulate how the assessment of points under risk factor 7 overestimated his risk of sexual recidivism or to otherwise offer any proof in mitigation, we cannot say — upon due consideration of the totality of the circumstances — that County Court abused its considerable discretion in denying defendant's request for a downward departure and in classifying defendant as a risk level two sex offender.
McCarthy, J.P., Egan Jr., Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We remitted this matter in order for County Court to complete the third step of the analysis, and it is the court's resulting determination that forms the basis for the instant appeal.

Footnote 2: Such proof included, as relevant here, the case summary and defendant's oral admissions and written statement to law enforcement.