People v Havlen (2018 NY Slip Op 08874)





People v Havlen


2018 NY Slip Op 08874


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1446 KA 17-01342

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PAUL J. HAVLEN, DEFENDANT-APPELLANT. 






NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (MARK A. ADRIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. FLAHERTY, SPECIAL DISTRICT ATTORNEY, WARSAW, FOR RESPONDENT. 


 Appeal from an order of the Wyoming County Court (Michael M. Mohun, J.), dated May 23, 2017. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in granting an upward departure from his presumptive classification as a level one risk to a level two risk. We reject that contention.
It is well settled that, when the People establish, by clear and convincing evidence (see Correction Law § 168-n [3]), the existence of aggravating factors that are, "as a matter of law, of a kind or to a degree not adequately taken into account by the [risk assessment] guidelines," a court "must exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure" from a sex offender's presumptive risk level (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Sincerbeaux, 27 NY3d 683, 689-690 [2016]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, the People established by clear and convincing evidence that defendant not only used the internet to engage with an undercover police officer posing as a 15-year-old boy and communicate to him that he wanted to engage in sexual activity with him, but also " exhibited a willingness to act on his compulsions' " by arranging to meet with the intended victim and traveling from his home to the arranged meeting site (People v Blackman, 78 AD3d 803, 804 [2d Dept 2010], lv denied 16 NY3d 707 [2011]; see People v DeDona, 102 AD3d 58, 68-69 [2d Dept 2012]; People v Agarwal, 96 AD3d 1450, 1451 [4th Dept 2012]). The People further established that defendant sought photographs from the intended victim and admitted that he hoped those photographs would contain child pornography, and that defendant enticed the intended victim to meet with the promise of illicit drugs. Together, these are "aggravating . . . circumstances . . . of a kind or to a degree not adequately taken into account by the guidelines" (Gillotti, 23 NY3d at 861).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court