People v Sofo (2019 NY Slip Op 00321)





People v Sofo


2019 NY Slip Op 00321


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-11802
2016-11803

[*1]People of State of New York, respondent,
v
Frank Sofo, appellant.


George M. Groglio, Port Chester, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Steven A. Bender, Jennifer L. Spencer, and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered September 27, 2016, and (2) an amended order of the same court entered September 29, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the appeal from the order entered September 27, 2016, is dismissed, without costs or disbursements, as that order was superseded by the amended order entered September 29, 2016; and it is further,
ORDERED that the amended order entered September 29, 2016, is affirmed, without costs or disbursements.
We agree with the Supreme Court's determination denying the defendant's application for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant's contention that the assessment of points under risk factor 5, in combination with risk factors 3 and 7, constituted an over-assessment of his danger to the community is unpreserved for appellate review (see People v Noeker, 156 AD3d 733, 734). In any event, under the circumstances presented here, where the defendant possessed numerous images of different child victims, acknowledged his attraction to and fantasies about adolescent girls just below [*2]the age of consent, and minimized his responsibility, no departure is warranted (see People v Goldman, 150 AD3d 905, 906; People v Rossano, 140 AD3d 1042, 1043; People v Vansteen, 140 AD3d 721, 721). The defendant's argument at the SORA hearing that the assessment of points under risk factors 3 and 7 constituted an over-assessment of his danger to the community also is without merit for the same reasons.
The defendant's contention that his risk level was overstated by the assessment of points under risk factor 9 also is unpreserved for appellate review, and, in any event, without merit, as the temporal remoteness of a prior felony conviction does not qualify as a mitigating factor for a downward departure (see People v Jewell, 119 AD3d 1446, 1448-1449; People v Wyatt, 89 AD3d 112, 130-131).
The defendant's remaining contention also is unpreserved for appellate review, and, in any event, without merit.
MASTRO, J.P., LEVENTHAL, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court