People v Rivas (2019 NY Slip Op 04430)





People v Rivas


2019 NY Slip Op 04430


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-09312

[*1]People of State of New York, respondent,
v
Seberino Rivas, appellant.


Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated June 25, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty in federal court to possession of child pornography in violation of 18 USC § 2252(a)(4)(B) and (b)(2). After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 80 points and designated him a level two sex offender. The defendant appeals.
In establishing a defendant's risk level under SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n[3]).
Contrary to the defendant's contention, in assessing him points pursuant to the SORA risk assessment instrument, the Supreme Court adequately set forth its findings of fact and conclusions of law (see Correction Law § 168-n[3]; People v Brown, 116 AD3d 1017, 1017), and we agree with the court's assessment of 30 points and 20 points under risk factors 3 and 7, respectively (see People v Gillotti, 23 NY3d 841, 860; People v Johnson, 11 NY3d 416, 421; People v Tirado, 165 AD3d 991, 992; People v Reuter, 140 AD3d 1143, 1143; People v Hamilton, 139 AD3d 928, 928; People v Morel-Baca, 127 AD3d 833, 833). Although the Court of Appeals has recognized that the assessment of points under risk factors 3 and 7 may result in an overassessment of an offender's risk to public safety in cases involving child pornography offenses (see People v Gillotti, 23 NY3d at 860; People v Johnson, 11 NY3d at 421), here, given, among other things, the nature of the child pornography files the defendant was found to possess, there was no overassessment and a downward departure was not warranted (see People v Tirado, 165 AD3d at 992; People v Goldman, 150 AD3d 905, 907; People v Rossano, 140 AD3d 1042, 1043).
The defendant's remaining contentions are either unpreserved for appellate review (see People v Hogan, 163 AD3d 728, 729), or without merit.
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level two sex offender.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court