People v Magner (2019 NY Slip Op 09307)





People v Magner


2019 NY Slip Op 09307


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-10125

[*1]People of State of New York, respondent,
v
Joseph P. Magner, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt and Wendy G. Russo of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elizabeth Miller and Thomas Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated July 25, 2018. The order, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq. [hereinafter SORA]), the defendant was assessed 85 points, presumptively placing him within the level two designation, and his request for a downward departure was denied.
We agree with the County Court's determination to assess points under risk factors 3 and 7 in this child pornography case (see People v Gillotti, 23 NY3d 841; People v Coe, 167 AD3d 1175, 1177; People v Graziano, 140 AD3d 1541, 1542).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the County Court did not improvidently exercise its discretion in denying the defendant's request for a downward departure (see People v Gillotti, 23 NY3d 841; People v Perry, 165 AD3d 990, 991; People v Santodonato, 136 AD3d 772).
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court