People v Ray (2021 NY Slip Op 05437)





People v Ray


2021 NY Slip Op 05437


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


854 KA 20-01460

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL RAY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ERIC SUN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Matthew J. Doran, J.), entered September 9, 2020. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We reject defendant's contention that County Court erred in granting the People's request for an upward departure to a level two risk. "[W]hen the People establish, by clear and convincing evidence (see Correction Law § 168-n [3]), the existence of aggravating factors that are, 'as a matter of law, of a kind or to a degree not adequately taken into account by the [risk assessment] guidelines,' a court 'must exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure' from a sex offender's presumptive risk level" (People v Havlen, 167 AD3d 1579, 1579 [4th Dept 2018], quoting People v Gillotti, 23 NY3d 841, 861 [2014]). Here, we conclude that the determination to grant an upward departure was based on clear and convincing evidence of certain aggravating factors, namely the quantity and nature of the child pornography possessed by defendant (see People v McCabe, 142 AD3d 1379, 1380-1381 [4th Dept 2016]; People v Rotunno, 117 AD3d 1019, 1019 [2d Dept 2014], lv denied 24 NY3d 902 [2014]), and his use of the internet to engage with an undercover police officer posing as a 13-year-old girl, which included sending child pornography to the officer (see Havlen, 167 AD3d at 1579; People v Agarwal, 96 AD3d 1450, 1451
[4th Dept 2012]).
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court