People v Sappell (2026 NY Slip Op 01237)

People v Sappell

2026 NY Slip Op 01237

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2025-09030

[*1]The People of the State of New York, respondent,
vFrank Sappell, appellant.

Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle S. Fenn, and Liam M. Brozen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated July 15, 2025, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of receipt of child pornography in violation of 18 USC §§ 2252(a)(2) and 2252A(b)(1). He now appeals from his designation as a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C).
The defendant's contention that he should have been granted a downward departure from the presumptive risk level is unpreserved for appellate review (see People v Johnson, 11 NY3d 416, 421; People v Godek, 237 AD3d 761, 762). In any event, although in some cases involving offenders who possess child pornography, the assessment of points under risk factors 3 and 7 may result in an overassessment of a defendant's risk to public safety (see People v Gillotti, 23 NY3d 841, 860; People v Johnson, 11 NY3d at 419-421), a downward departure was not warranted here given that the defendant possessed more than 12,500 images and videos, involving children as young as two to four years old, and that some of the images and videos were sadomasochistic and depicted rape and sexual abuse committed upon children by adults (see People v Kaiser, 168 AD3d 1002, 1003; People v Goldman, 150 AD3d 905, 907).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
LASALLE, P.J., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court